**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MAVIS J. S.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:25-cv-2148-DWD** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter is before the Court pursuant to the parties' Joint Motion to Award Attorney Fees and Expenses (Doc. 24) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[2] The parties seek an award of attorney's fees and expenses, totaling $7,370.09, to satisfy any and all claims for attorney's fees and expenses payable to Plaintiff under the EAJA.[3] The parties also seek specific language in this Court's order, reflecting that the award to Plaintiff may be offset by any pre-existing debt owed to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).[4]

---

[1] In keeping with the Court's practice, Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.
[2] As stated in the Joint Motion, in light of the parties' fee stipulation, Plaintiff's earlier filed petition for EAJA fees (Doc. 23) is moot. The Court will therefore terminate the earlier filed motion.
[3] The parties seek only attorney's fees and expenses, not costs.
[4] The parties proceed under § 2412(d), generally, rather than subsection (d)(1)(A), specifically. Notably, subsection (d)(1)(B) imposes certain requirements, which are not satisfied here, for obtaining an award of attorney's fees and expenses under subsection (d)(1)(A). *See* 28 U.S.C. § 2412(d)(1)(A)-(B). For purposes of this Memorandum and Order, the Court presumes that the parties are proceeding under subsection (b).

Under § 2412(b) of the EAJA, the Court may award reasonable attorney's fees and expenses to the prevailing party in any civil action brought against the United States, any agency of the United States, or any official of the United States acting in his or her official capacity. *See* 28 U.S.C. § 2412(b). The United States is liable for such attorney's fees and expenses to the same extent as any other party under the common law or a statute specifically providing for such an award. *See id*. Except in a limited circumstance that is not applicable to this case, an award of attorney's fees and expenses under § 2412(b) is paid in accordance with sections 2414 and 2517 of Title 28. *See id*.; 28 U.S.C. § 2414, § 2517.

Here, the Court finds Plaintiff is the prevailing party in this civil action against the Commissioner of Social Security. The Court further finds an award of $7,370.09 to Plaintiff, as jointly requested by the parties, is reasonable. For these reasons, the parties' Joint Motion to Award Attorney Fees and Expenses (Doc. 24) is **GRANTED** as follows.

> Plaintiff is awarded $7,370.09 (seven thousand three hundred seventy dollars and nine cents) for attorney fees and expenses in full satisfaction of any and all claims that may be payable to plaintiff in this matter under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.
>
> Any fees paid belong to plaintiff and not plaintiff's attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States. Astrue v. Ratliff, 560 U.S. 586 (2010). If defendant can verify that plaintiff does not owe a pre-existing debt to the government subject to the offset, defendant will direct that the award be made payable to **Howard Olinsky** pursuant to the EAJA assignment duly signed by plaintiff. If payment is mailed, as compared to electronically deposited, it shall be mailed to counsel's address of record:
>
> **250 South Clinton Street**
> **Suite 210**

**Syracuse, NY 13202.**[5]

**SO ORDERED.**

Dated: October 22, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.10.22 09:32:42 -05'00'

DAVID W. DUGAN
United States District Judge

[5] The motion indicates that Plaintiff's counsel has provided defendant with an assignment whereby Plaintiff assigned EAJA fees to **Howard Olinsky**.